UNITED STATES FEDERAL COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BHUPEN PATEL and<br>NAYAN PATEL d/b/a S.K.<br>ENTERPRISES – JACKSON<br>MOTEL,<br><br>      Plaintiffs,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>      Defendant. | Case No. 3:13-cv-00463 |

## AGREED CASE MANAGEMENT ORDER # 1

Pursuant to Federal Rule of Civil Procedure 26(f) and Rule 16.01(d) of the Local Rules of the United States District Court for the Middle District of Tennessee, counsel for both parties have conferred and hereby submit the following proposed Case Management Order.

1. **JURISDICTION:** The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, on the basis of diversity jurisdiction. The Plaintiffs and the Defendant are citizens of different States, and the amount in controversy exceeds $75,000.00; therefore, jurisdiction is appropriate in this venue. There are no disputes as to jurisdiction or service of process.

2. **THEORIES OF THE PARTIES:**

    (a) **Plaintiffs' Theory:** The Plaintiffs entered into a contract with Defendant to have Defendant insure Plaintiffs' premises located at 831 N.W. Broad Street, Murfreesboro, Tennessee, known as Jackson Motel. The Defendant agreed to insure said premises against property damage, i.e. wind and water damage. On or about October 18, 2011, a severe wind and

hail storm struck the motel causing substantial damage to the buildings and structures located on the premises. The loss is a compensable claim under the terms of the insurance policy.

A dispute arose between the parties as to the amount owed to Plaintiffs by Defendant. The appraisal provision of the policy was invoked; however, the appraisal process was conducted improperly and unlawfully, and therefore the appraisal award is invalid and void, and should be vacated and set aside.

### (b) Defendant's Theory:

Defendant entered into a contract of insurance known as Policy No. IN946021 (the "Policy") with an entity known as S.K. Enterprises d/b/a Jackson Motel to insure certain property located at 831 Northwest Broad Street, Murfreesboro, Tennessee. On or about October 18, 2011, at which time the Policy was in effect, a storm caused damage to the insured property. Differences arose between S.K. Enterprises and Defendant as to the extent of damage caused by the storm. The engineering report and other information generated in this case indicate that there was no significant structural damage as a result of the storm. Consequently, Defendant contested the extent of the damages claimed by Plaintiffs and requested that an appraisal process be conducted.

Based upon information that was submitted by both parties concerning their belief as to the value of damages, a mutually selected umpire determined the appraisal award. In compliance with the requirement of the Policy, Defendant paid and tendered to Plaintiffs the amount of money which was recommended by the umpire to pay as a result of the appraisal process and said amount should have concluded the matter. Though Plaintiffs contractually agreed to the appraisal process and have no basis to challenge the process simply because they disagree with

the amount of the recommendation, however, they now claim that the appraisal award is invalid and void and should be vacated and set aside. Defendant has filed an Answer to the Complaint, and also incorporates each of its defenses into its theory of the case.

3. **ISSUES RESOLVED:**

   (a) Jurisdiction and venue.
   (b) The type of loss is covered under the terms of the insurance policy, although the extent of loss has not been resolved.

4. **ISSUES STILL IN DISPUTE:**
   (a) The amount of the loss;
   (b) The validity of the appraisal award;
   (c) Whether there is any "coverage" dispute in this case;
   (d) Whether the Defendant is in breach of contract;
   (e) Whether the Plaintiffs are in breach of contract;
   (f) The amount of compensatory damages to Plaintiffs;
   (g) Whether the Plaintiffs have standing to bring this action in their individual capacity.

5. **PREDISCOVERY DISCLOSURES:** The parties will exchange by **July 23, 2013** the information required by Federal Rule of Civil Procedure 26(a)(1).

6. **DISCOVERY PLAN:** The parties jointly propose to the Court the following discovery plan:

   (a) **Completing All Discovery:** The parties shall complete all written discovery and depositions on or before **March 3, 2014.** Document requests, interrogatories and requests for admission shall be served sufficiently in advance of the discovery cutoff in order to allow time for responses and resolution of any discovery disputes prior to the expiration of the discovery deadline. Discovery related motions are due on or before **March 17, 2014.**

   **(b) Expert Disclosure (Rule 26):**

   (i) Plaintiffs' Rule 26(a)(2) expert witness disclosures and reports shall be served by **December 20, 2013.**

   (ii) Defendant's Rule 26(a)(2) expert witness disclosures and reports shall be served by **January 21, 2014.**

   (iii) Plaintiffs' Rebuttal Expert Disclosures and reports shall be served by **February 3, 2014.**

7. **MOTIONS:**

   (a) **Joining Parties:**

   (i) Plaintiffs: **September 3, 2013**

   (ii) Defendant: **October 2, 2013**

   (b) **Deadline for Filing Motions to Amend the Pleadings:**

   (i) Plaintiffs: **September 3, 2013**

   (ii) Defendant: **October 2, 2013**

   (c) **Dispositive Motions:** The deadline for filing dispositive motions is **April 18, 2014**. Responses within twenty-one (21) days after filing of Motion. Replies, if any, fourteen (14) days after filing of Response.

8. **OTHER ITEMS:**

   (a) **Mediation.** The parties are agreeable to a voluntary mediation but have not reached an agreement concerning a future mediation. If mediation is conducted, it shall be conducted by May 1, 2014.

   (b) **Subsequent Case Management Conferences.** A follow-up case management conference should be scheduled by the parties with Magistrate Griffin's office approximately one month before the close of discovery.

9. **TARGETED TRIAL DATE:** A bench trial is scheduled on August 26, 2014. The parties anticipate that the trial will last no longer than 2 days.

_____
MAGISTRATE JUDGE GRIFFIN

4

Submitted for Entry:


s/Clinton H. Scott
J. Brandon McWherter, #21600
bmcwherter@gilbertfirm.com
Clinton H. Scott, #23008
cscott@gilbertfirm.com
Gilbert Russell McWherther PLC
101 N. Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340

*Attorneys for Plaintiffs*


/s/ *William S. Walton*
William S. Walton, #11177
bill.walton@butlersnow.com
Sepideh C. Khansari, #28300
sepideh.khansari@butlersnow.com
BUTLER, SNOW, O'MARA, STEVENS
& CANNADA, PLLC
The Pinnacle at Symphony Place
150 Third Avenue South, Suite 1600
Nashville, TN 37201

*Attorneys for Defendant*